

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-5088
Re: If any person is found to have
violated the Texas Liquor Con-
trol Act during the preceding
year by the single offense of
unlawfully employing a minor,
would such fact justify the
legal conclusion that the ap-
plicant is not a law abiding
citizen within the meaning of
the Texas Liquor Control Act?

Your letter of February 4, 1943, requesting the
opinion of this department on the above stated question reads
as follows:

"Section 5, Article II of the Texas Liquor
Control Act provides that a person obtaining a
license to sell beer in Texas must be a law abid-
ing citizen of this State.

"Section 7, Article II of the Texas Liquor
Control Act establishes the procedure by which
a license to sell beer may be renewed. This Sec-
tion requires that the holder of a license must
make the same showing of qualifications as re-
quired in an original application. The applica-
tion for renewal may be rejected by the Board and
the applicant required to file original applica-
tion and submit to a hearing before the County
Judge, as in the case of an original applicant.
Whether or not the applicant for renewal is a law
abiding citizen of the State would, of course,
become an issue to be considered when such rejec-
tion and re-application develop.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"It is frequent that the holders of licenses are apprehended in violating provisions of the Texas Liquor Control Act within the final days of the license period, and at such a time as will prevent the issuance of a citation and the holding of a hearing, before the license has expired.

"Assuming that any person is found to have violated the Texas Liquor Control Act during the preceding year by the single offense of unlawfully employing a minor, would such fact justify the legal conclusion that the applicant is not a law abiding citizen within the meaning of the Texas Liquor Control Act?"

Article 667-5, Vernon's Annotated Penal Code provides in part:

"Any person desiring a license as manufacturer, distributor, or retail dealer may in vacation or in termtime file a petition with the County Judge of the County in which the applicant desires to engage in such business which petition shall state as follows:

"If a manufacturer:

"(1) That he is a law abiding, taxpaying citizen of this State, over twenty-one (21) years of age; that he has been a resident of the county wherein such license is sought for a period of more than one year next preceding the filing of such petition; and that he has not been convicted of a felony within two (2) years immediately preceding the filing of such petition.

". . . .

"If a retail dealer:

"(1) The same information required of a manufacturer.

"(2) The correct address or premises to be used by the applicant for the sale of beer, and whether he desires to sell beer for consumption on or off the premises.

"(3) He shall enumerate the kinds of business in which he is engaged or in which he intends to engage on the licensed premises and other premises under his control of which the licensed premises is a part.

"(4) That applicant has no financial interest in any establishment authorized to sell distilled spirits.

"(5) That no person engaged in the business of selling distilled spirits has any financial interest in the business to be conducted under the license sought by the applicant.

"(6) That he has not had any interest in any license to sell beer which license has been cancelled or revoked within the twelve (12) months next preceding the date of the present application for license.

"(7) That he is not residentially domiciled with any person who has any financial interest in any establishment engaged in the business of selling distilled spirits, or any person in whose name any license has been cancelled or revoked within the twelve (12) months preceding the present license.

"....."

Article 667-7, Vernon's Annotated Penal Code reads in part as follows:

"(a) Any license issued under the terms of this Article, except Branch Licenses and Temporary Licenses specifically provided for, shall terminate one year from the date issued, and no license shall be issued for a longer term than one year. Any person now holding a license to manufacture or sell beer in this State and desiring to renew the same shall before expiration of his present license, and not more than thirty (30) days prior to such expiration date, be required to make application in the manner herein provided for the primary issuance of any class of license; and when it is desired to renew any license obtained under the procedure

provided in this Article, the holder of such license shall make written application to the Assessor and Collector of Taxes of the county of the Licensee's residence not more than thirty (30) days prior to the date of expiration of the license held by him. Such application for renewal shall be signed by the applicant and contain full and complete information as set out and required in any application for original license, and applicant shall pay to the Assessor and Collector of Taxes the appropriate license fee for the class of license sought to be renewed. . . ."

Article 667-19, Vernon's Annotated Penal Code provides in part:

"The Board or Administrator shall have the power and authority to cancel the license of any person authorized to sell beer after notice and hearing as herein provided upon finding that the licensee has:

". . . .

"(f) Employed any person under the age of eighteen (18) years to sell, handle, or dispense or to assist in selling, handling, or dispensing beer in any establishment where beer is sold at retail to be consumed on the premises where sold; . . .

"(o) That the licensee has violated any provision of this Act or any rule or regulation of the Board at any time during the existence of the license sought to be cancelled or within the next preceding license period of any license held by the licensee;

". . . .

"Any act of omission or commission enumerated herein as cause for the cancellation or suspension of any type of license shall also be a violation of this Act and subject to the penalties provided in Section 26 of this Article, provided, however,

that the penalty for the making of any false or untrue statements in any application for licenses or in any statement, report or other instrument to be filed with the Board and which is required to be sworn to shall be as is provided in Section 17(a)-(2) of Article I of this Act."

Article 667-26, Vernon's Annotated Penal Code provides:

"Any person who violates any provision of this Article shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than Twenty-five ($25.00) Dollars nor more than Five Hundred ($500.00) Dollars or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment.

"It is provided, however, that in cases where the Administrator or the Board in writing recommends acceptance of a plea of guilty, and such plea is accepted, the decree of the court and assessment of penalty shall not require cancellation of a license as provided in Section 19(p) of this Article, but shall leave the question of cancellation of license in such cases to the discretion of the Board or Administrator, having in mind the purposes of this Act."

It will be noted that under Section 5 of Article 667 that any person desiring a license as a manufacturer, distributor, or retail dealer must state in his petition for such license, among other things, that he is a law abiding tax paying citizen of this State, over twenty-one (21) years of age. Under the provisions of Section 7 of Article 667 regarding the expiration and renewals of licenses the applicant in making application for renewal of license must set out the full and complete information as set out and required in an application for an original license.

The Board or Administrator is authorized to cancel the license of any person authorized to sell beer after notice and a hearing as prescribed in the Liquor Control Act upon finding that the licensee has employed any person under the

age of eighteen (18) years to sell, handle or dispense or to assist in selling, handling or dispensing beer in any establishment where beer is sold at retail to be consumed on the premises where sold. The Board or Administrator also has the power and authority to cancel the license of any person authorized to sell beer after notice and hearing as provided by the Liquor Control Act when "the licensee has violated any provision of this Act or any rule or regulation of the Board at any time during the existence of the license sought to be cancelled or within the next preceding license period of any license held by the licensee". Any person violating any provision or section of Article 667-7 is guilty of a misdemeanor under Article 667-26, Vernon's Annotated Penal Code.

In view of the foregoing statutes we do not believe that any person who has violated the Texas Liquor Control Act by the single offense of unlawfully employing a minor, that is a person under eighteen (18) years of age would justify the legal conclusion that the applicant is not a law abiding citizen within the meaning of the Texas Liquor Control Act with reference to application to renewal of the license.

However, as above pointed out, the license of the licensee can be cancelled. Where the licensee has employed a minor under eighteen (18) years of age, or violated any provision of the Act or any rule or regulation of the Board at any time during the existence of the license sought to be cancelled or within the next preceding license period of any license held by the licensee, and where the license has been cancelled the licensee is not entitled to another license for twelve (12) months.

In connection with the foregoing we direct your attention to Article 666-6, Vernon's Annotated Penal Code, authorizing the Board "to grant, refuse, suspend, or cancel permits or licenses for the purchase, transportation, importation, sale, or manufacture of alcoholic beverages or other permits in regard thereto". It is our opinion that this statute authorizes the Board to cancel a license or refuse a license or the renewal thereof where the Board finds that the applicant has violated any provision of the Act or any order and regulation of the Board.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVED MAR 9 1943

FIRST ASSISTANT
ATTORNEY GENERAL

AW:mp